UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ALFRED MCZEAL, JR. | CIVIL ACTION NO. 05-462 |
| VS. | JUDGE DOHERTY |
| SOUTHERN CONSUMERS COOP, INC., ET AL. | MAGISTRATE JUDGE HILL |

### ORDER

Pending before this Court for determination is the plaintiff's Motion to Strike. [rec. doc. 68]. By this Motion[1], plaintiff requests that the court strike the defendants' Motion to Dismiss plaintiff's RICO claims as untimely and improperly filed, and additionally strike an exhibit submitted in support of the defendants' Motion to Dismiss, namely, the April 9, 2007 affidavit of John Freeman. Plaintiff argues that this exhibit is immaterial, impertinent and scandalous because it makes reference to the June 9, 1995 Independent Special Master Report of J. Stephen Gardes filed under seal in closed case number 6:95cv246 in which McZeal was a plaintiff, and constitutes an insufficient defense because it references McZeal's father, Alfred McZeal, Sr., who is a plaintiff in another RICO and ERISA action pending before this court against the same defendants as those named by plaintiff herein (6:05-1080).

---

[1] Plaintiff has also filed a "Notice of Objection(s)" [rec. doc. 69] which reiterates the objections raised in his Motion to Strike.

Rule 12(f) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> **(f) Motion to Strike.** Upon motion made by a party...or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The court finds that the defendants' Motion to Dismiss was timely filed, and hence, does not constitute an insufficient defense as contemplated by Rule 12(f). Although this court granted the defendants an extension of time through April 8, 2007 to file their Motion addressing the adequacy of plaintiff's allegations, April 8, 2007 was a Sunday. Hence, under FRCP 6(a) the Motion, filed on the next day, Monday April 9, 2007, was timely filed. Moreover, there is no requirement in this court's local rules that an Order or a certificate of attempt by the mover's counsel be submitted with a contested, contradictory motion, which is filed neither as an *ex-parte*, consent nor joint motion. Further, to the extent that McZeal now requests that the defendants' previously granted Motions for Extensions of Time be stricken due to alleged non-compliance with this court's Local Rules, that request is unfounded. Each Motion was submitted with an Order and each contains a statement advising the court of counsel's efforts to obtain plaintiff's consent to the grant of the Motion, as well as an indication of plaintiff's presumed opposition, in compliance with LR 7.41W and 7.9W. [*See* rec. docs. 60, ¶ 5, 60-2, 62, ¶ 5, and 62-2].

With respect to the affidavit, the court finds that reference to the sealed Independent Special Master Report filed in a case which was previously before this court and which has been closed for years does not make the affidavit immaterial, impertinent or scandalous as contemplated by Rule 12(f) with respect to this case which is presently before this court. Moreover, the fact that the referenced Report contains information about crimes allegedly committed by Howard McZeal in an unsealed prosecution currently pending before this court, does not make the affidavit which references that Report scandalous. Finally, the fact that the seven page affidavit makes a single reference to plaintiff's father, "Mr. McZeal", as having been employed as general manager of Southern Consumers, does not invalidate the remaining allegations of the affidavit which address the RICO claims asserted by plaintiff, Al McZeal Jr. [*See* rec. doc. 64-3, Ex. C at ¶ 5]. This is particularly true, given that the allegation is correct; Alfred McZeal, Sr. was undisputably the general manager of Southern Consumers for the time frame mentioned. As such, the affidavit cannot be found to constitute an insufficient defense as contemplated by Rule 12(f). Accordingly;

The plaintiff's Motion to Strike [rec. doc. 68] is **DENIED**.

Signed this 27th day of November, 2007, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE