UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALFRED MCZEAL, JR.** | **CIVIL ACTION NO. 05-0462** |
| **VS.** | **JUDGE DOHERTY** |
| **SOUTHERN CONSUMERS COOP, INC., ET AL.** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Pending before the court is the Complaint filed by Alfred McZeal, Jr. (McZeal) against the following defendants: Southern Consumer Cooperative, Inc. (Southern), the People's Enterprises, Inc. (People's), Southern Development Foundation, Inc. (SDF), John Freeman, Albert J. McKnight, Russle Castille, and Gailia Batiste. In his complaint, McZeal attempts to set forth causes of action under the federal RICO statute (18 U.S.C. § 1961, et seq.), the Fair Debt Collection Act, and conspiracy to violate the Truth in Lending Act, as well as claims for breach of contract, fraud, theft, negligence and intentional infliction of emotional distress. [rec. doc. 1].

McZeal filed his Complaint in the United States District Court for the Southern District of Texas. However, after the defendants filed a Motion to Dismiss for lack of personal jurisdiction over the defendants, failure to state a claim upon which relief may be granted, and improper venue, McZeal agreed to have this case transferred to this court. [rec. docs. 11 and 20]. Accordingly, this case was transferred by agreement to this court.

This court's records reveal that McZeal filed a RICO action against, *inter alia*, Peoples and John Freeman in 1995. *See McZeal v. McZeal, et al*, 6:95-0246 (W.D.La.). The court appointed J. Stephen Gardes, CPA as Special Master to prepare a Report regarding various financial transactions of Peoples. After submission of Mr. Gardes' Report, a Consent Judgment was entered by the court on August 30, 1995. That Consent Judgment required McZeal to reimburse Peoples one-half of Mr. Gardes' $14,518.00 fee, that is, $7,259.00, and that this sum "be paid ... on or before August 18, 1996, or thereafter upon execution of [the] judgment." The Consent Judgment further prohibited McZeal "from bringing a lawsuit in any of the Federal Courts within the Western District of Louisiana until he has paid his portion ... of Mr. Gardes' fee." [*Id.* at rec. doc. 46; Court Ex. "A"].

Review of the entire record of this case, and McZeal's prior case, reveals no competent evidence that McZeal has paid Peoples his portion of the $14,518.00 fee. To the contrary, the record demonstrates that the balance of Mr. Gardes' fee remains unpaid. [*See* affidavit of John Freeman, rec. doc. 64-3, Ex. C at ¶ 11]. While plaintiff asserts that Southern owes him $20,000.00 for a computer contract which it failed to pay, that allegation does not establish that McZeal paid *Peoples* the money due under this court's judgment. [*See* rec. doc. 67-2 at ¶ 3]. This court's Consent Judgment is specific; it requires payment to Peoples, and does not provide for an offset or credit for monies allegedly due McZeal from Southern, which remains contested.

This federal court may take actions which are necessary or warranted to control this court's docket and maintain the orderly administration of justice. *See Goldgar v. Office of Administration,* 26 F.3d 32, 36 n.3 (5th Cir. 1994). It appears that in order to avoid summary dismissal of this case pursuant to this court's prior ruling, McZeal filed the instant lawsuit in Texas, and then by agreement entered this court "through the back door" with an inter-district transfer. This court will not countenance any person attempting to end-run this Court's orders. It appears clear to the undersigned that is precisely what McZeal has attempted to do here. Unless and until McZeal provides competent evidence that he has complied with this court's prior ruling and paid Peoples the $7,259.00 due under this court's August 30, 1995 Consent Judgment, he is precluded from litigating his claims in this court.

For this reason, it is recommended that plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE** because plaintiff has failed to comply with the terms of this court's Consent Judgment. It is further recommended that the pending Motion to Dismiss RICO claims [rec. doc. 64] be **dismissed as moot.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain**

error.  *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir.1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 27th day of November, 2007, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE