UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AL MCZEAL, JR. | CIVIL ACTION NO. 05-462 |
| VERSUS | JUDGE DOHERTY |
| SOUTHERN CONSUMERS COOPERATIVE, INC., ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is plaintiff's "Motion for New Trial or Modification of Judgment under Rule 59(e), or Alternatively Motion from Relief from Order under Rule 60" [Rec. Doc. 76]. For the following reasons, the motion is **DENIED**.

In plaintiff's motion, he argues this Court's judgment dismissing this suit [Rec. Doc. 74] (due to plaintiff's failure to comply with the Court's order, entered in a previous matter, requiring plaintiff to pay a certain sum of money prior to bringing any new suit in the Western District of Louisiana) should be vacated or modified.[1] Plaintiff argues the consent judgment entered in his previous

---

[1] This Court's judgment (which adopted the Magistrate Judge's Report and Recommendation, issued November 27, 2007) dismissed plaintiff's Complaint in this matter (which asserts causes of action under RICO, the Fair Debt Collection Act, conspiracy to violate the Truth in Lending Act, breach of contract, fraud, theft, negligence, and intentional infliction of emotional distress) for failure to comply with the term's of a Consent Judgment entered by this Court in 1995 in a previous lawsuit (asserting most of the same causes of action) filed by this plaintiff against two of these defendants (namely, Peoples Enterprises, Inc. and John Freeman), as well as others. [*See* Rec. Doc. 64, Ex. A; *see also* McZeal v. McZeal, et al, Doc. No. 6:95-0246] The R&R notes the following:

> McZeal filed [t]his Complaint in the United States District Court for the Southern District of Texas. However, after the defendants filed a Motion to Dismiss for lack of personal jurisdiction over the defendants, failure to state a claim upon which relief may be granted, and improper venue, McZeal agreed to have this case transferred

1

lawsuit, upon which dismissal of the current lawsuit is premised (*see* n.1), is invalid because: (1) it is not a final judgment; (2) plaintiff did not "consent" to the judgment; (3) new evidence reveals "the ORDER and DISMISSAL of this case was based on a consent judgment and sealed report improperly used in this case which was improperly performed by Stephen Gardes, which was at the

---

> to this court. [rec. docs. 11 and 20]. Accordingly, this case was transferred by agreement to this court.
>
> This court's records reveal that McZeal filed a RICO action against, *inter alia*, Peoples and John Freeman in 1995. *See McZeal v. McZeal, et al*, 6:95-0246 (W.D.La.). The court appointed J. Stephen Gardes, CPA as Special Master to prepare a Report regarding various financial transactions of Peoples. After submission of Mr. Gardes' Report, a Consent Judgment was entered by the court on August 30, 1995. That Consent Judgment required McZeal to reimburse Peoples one-half of Mr. Gardes' $14,518.00 fee, that is, $7,259.00, and that this sum "be paid ... on or before August 18, 1996, or thereafter upon execution of [the] judgment." The Consent Judgment further prohibited McZeal "from bringing a lawsuit in any of the Federal Courts within the Western District of Louisiana until he has paid his portion ... of Mr. Gardes' fee." [Id. at rec. doc. 46; Court Ex. "A"].
>
> Review of the entire record of this case, and McZeal's prior case, reveals no competent evidence that McZeal has paid Peoples his portion of the $14,518.00 fee. To the contrary, the record demonstrates that the balance of Mr. Gardes' fee remains unpaid. [*See* affidavit of John Freeman, rec. doc. 64-3, Ex. C at ¶ 11]. While plaintiff asserts that Southern owes him $20,000.00 for a computer contract which it failed to pay, that allegation does not establish that McZeal paid Peoples the money due under this court's judgment. [*See* rec. doc. 67-2 at ¶ 3]. This court's Consent Judgment is specific; it requires payment to Peoples, and does not provide for an offset or credit for monies allegedly due McZeal from Southern, which remains contested.
>
> This federal court may take actions which are necessary or warranted to control this court's docket and maintain the orderly administration of justice. *See Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994). It appears that in order to avoid summary dismissal of this case pursuant to this court's prior ruling, McZeal filed the instant lawsuit in Texas, and then by agreement entered this court "through the back door" with an inter-district transfer. This court will not countenance any person attempting to end-run this Court's orders. It appears clear to the undersigned that is precisely what McZeal has attempted to do here. Unless and until McZeal provides competent evidence that he has complied with this court's prior ruling and paid Peoples the $7,259.00 due under this court's August 30, 1995 Consent Judgment, he is precluded from litigating his claims in this court.

[Rec. Doc. 72 at pp.1-3]

2

time the 'personal' CPA or Tax Preparer of Judge Rebecca Doherty" [Rec. Doc. 76, p.1]; and finally, (4) the Magistrate Judge:

> [H]ad no right to enter orders in this case that was subject to plaintiff Rule 73(b) form submitted to this court on 04/09/07 which clearly objected to the magistrate judge entering orders in this case. Moreover, the entry of this order by the Magistrate Judge is consistent with the District Court's initial order that the merits of these claims must be heard by the transferree [sic] court in due course time.

[Id. at 3].

As to the first argument (the consent judgment is not a final judgment), plaintiff cites no authority for this position. Consequently, plaintiff has failed to carry his burden of proof and show he is due the relief requested on that ground.[2]

As to plaintiff's second argument (he did not consent to the "proposed consent decree"), the Court finds that argument to be without merit. Plaintiff supports his argument by stating that he did not personally sign the consent judgment.[3] Any objection plaintiff had to the consent judgment issued in his earlier lawsuit prescribed long ago. As previously noted, plaintiff brings this motion pursuant to FED.R.CIV.P. 59(e) (entitled "New Trial; Altering or Amending a Judgment), or

---

[2] The Court would direct plaintiff's attention to Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 391 (1992)("[F]or a consent decree is a final judgment that may be reopened only to the extent that equity requires.")(A consent decree "is subject to the rules generally applicable to other judgments and decrees" including FED.R.CIV.P. 60. Id. at 378.)

[3] The Court notes no party signed the consent judgment. [See Rec. Doc. 72, Court Ex. A] Only the Court, after review, signed the judgment. While the Court has not pulled the file of the earlier matter from archives (and the suit is, for the most part, unavailable online at CM/ECF), a review of the docket sheet reflects an entry on August 30, 1995, which states: "PROPOSED CONSENT JUDGMENT placed into the record unsigned per RFD [Judge Rebecca Doherty] (former employee) Modified on 08/31/1995 (Entered: 08/31/1995)." Thus, it appears the Court ordered the proposed judgment be submitted unsigned. [Rec. Doc. 45] The Court additionally notes (as it will become relevant later), on January 26, 1996, Mr. McZeal filed a motion to strike defendant's proposed amendment to the consent judgment. [Rec. Doc. 49] However, defendant later voluntarily withdrew its motion to amend the consent judgment. [Rec. Docs. 53, 54]

alternatively, pursuant to FED.R.CIV.P. 60 (entitled "Relief from a Judgment or Order"). A motion brought pursuant to Rule 59(e) "must be filed no later than 10 days after entry of the judgment." Id. A motion brought pursuant to Rule 60(b)(2) must be brought "no more than a year after entry of the judgment."[4]

As to plaintiff's third argument (new evidence exists showing the consent judgment was based on the report of Judge Rebecca Doherty's personal CPA), again, the Court finds the argument to be without merit. First, while this Court does have memory that at one time she did use an accountant for her personal taxes, who at some time was associated with the Steve Gardes' firm, beyond the one income tax return some twenty-five years ago, disclosed by the Court, this Court has no memory of Steve Gardes having done work on a personal or professional basis for the Court. More importantly, however, is the fact that by his own admission, plaintiff's allegation is not "newly discovered evidence."[5] Plaintiff admits at page four of his motion, and at paragraph five of the

---

[4]Although plaintiff has not stated the specific provision of Rule 60 upon which he relies, it appears he relies upon § (b)(2), which allows for relief from a final judgment premised upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). However, even if plaintiff relies on some other provision of section (b) - i.e. mistake, fraud, release, "any other reason that justifies relief," etc. - the "motion . . . must be made within a reasonable time - and for reasons [(b)](1), (2), and (3) no more than a year after the entry of the judgment. . . ." It is obvious from the docket sheet in plaintiff's earlier suit that plaintiff was aware of the consent judgment, at the very latest, by January 26, 1996 (as evidenced by plaintiff's motion to strike defendant's amendment to the consent judgment - see n.3). This Court cannot envision a scenario where the passage of almost 13 years, prior to the filing of a Rule 60 motion, could be considered a "reasonable" amount of time within which to file such a motion. However, plaintiff has not enlightened the Court as to which section of Rule 60 he brings this motion, nor, if it is a section of Rule 60 which allows the motion to be brought "within a reasonable time," why 12.5 years should be considered reasonable in this matter; thus, the Court need not reach that issue, as it finds plaintiff's motion to be untimely.

[5]Pursuant to Rule 60(b)(2), in order to be granted relief from a final judgment, the movant must show: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

4

affidavit attached thereto, that during the course of that trial [in Docket No. 95-0246] I [plaintiff] *had been informed by Judge Rebecca Doherty* that Steven Gardes had at one time prepared her personal return or returns. Thus, any objection plaintiff had to the consent judgment premised upon his overly broad and incorrect allegation that Steven Gardes at one time was this judge's "personal CPA" could have and should have been raised "no more than a year after the entry of the judgment." FED.R.CIV.P. 60(c).

As to the first portion of plaintiff's final argument (the magistrate judge "had no right to enter orders in this case that was subject to plaintiff Rule 73(b) form submitted to this court on 04/09/07 which clearly objected to the magistrate judge entering orders in this case"), again, the argument is without merit. Whether or not plaintiff consented to trial by the magistrate judge is of no moment: pursuant to 28 U.S.C. § 636(b)(1), the Court may designate a magistrate judge to rule on certain pre-trial motions, or prepare a Report and Recommendation for certain other pre-trial motions, without regard to whether or not the parties' consent to same. As to the latter portion of plaintiff's argument ("the entry of this order by the Magistrate Judge is consistent [sic] with the District Court's initial order that the merits of these claims must be heard by the transferree [sic] court in due course time"), again, the argument is without merit. Plaintiff provides no support for this one sentence argument, and thus he has failed to carry his burden of proof on this point.[6]

---

[6] Presumably, this argument is based on a statement made by the Court which originally presided over this matter (S.D.TX.), prior to it being transferred to this Court. In the "Hearing Minutes and Order" of a pre-trial conference held on March 3, 2005, Judge Nancy Atlas ordered as follows:

> Based on the current record, it appears that there is no personal jurisdiction over Defendants named in this case and venue is improper. To avoid prolonged litigation on jurisdiction and venue, Plaintiff agrees that the matter may be transferred to the United States District Court in Lafayette, Louisiana which is in the Western District of Louisiana.

Due to the foregoing, plaintiff's motion is denied.

THUS DONE AND SIGNED, in chambers, in Lafayette, Louisiana, on this ___13___ day of May, 2008.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

The Court therefore TRANSFERS this case to the Western District of Louisiana, Lafayette Division. This transfer is without prejudice to the parties' positions on the merits of their claims or defenses, which must be addressed in due course by the transferee court.

[Rec. Doc. 21] The Court does not find the above statements constitute an "order" requiring this Court to reach the merits of plaintiff's case; a co-equal court cannot order another co-equal court to take various actions over transferred cases. Rather, it appears the original Court refused to reach the merits of plaintiff's claims because it was without jurisdiction to do so. Like that Court, this Court also refuses to reach the merits of plaintiff's claims unless and until plaintiff provides competent evidence that he has complied with this court's prior ruling and paid the $7,259.00 due under this Court's August 30, 1995 Consent Judgment.